IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AARON MICHAEL THOMAS,<br>DARREN DOIL MEANS,<br>　　　Defendants. | Case No. 23-CR-00333-GKF |

**RESPONSE IN OPPOSITION TO DEFENDANT DARREN DOIL MEANS'S MOTION TO EXCLUDE EXPERT TESTIMONY (Dkt. #34)**

　　The United States, by and through Assistant United States Attorney Nathan E. Michel, respectfully requests that the Court deny defendant Darren Doil Means' Motion to exclude expert testimony, as the issue is not yet ripe, or in the alternative, hold the motion in abeyance, as the Government intends to file an additional supplemental expert notice, in accordance with the Second Amended Scheduling Order (Dkt. # 36), that will satisfy the requirements of Federal Rule of Criminal Procedure 16. In support of this response, the Government states as follows:

　　1. In 2022, the Food and Drug Administration Office of Criminal Investigations (FDA-OCI) and the United States Postal Inspection Service (USPIS) initiated an investigation into a vendor known as "loveandhate." Agents suspected "loveandhate" of selling misbranded pharmaceutical drugs and controlled substances via Dark Web marketplaces, in exchange for cryptocurrency. The vendor known as "loveandhate"

would ship the drugs to buyers via parcels in the U.S. Postal Service. Agents eventually identified the defendants as the individuals operating the "loveandhate" vendor business.

2. In furtherance of the investigation, law enforcement conducted three "undercover buys" of misbranded pharmaceutical drugs from "loveandhate." Law enforcement also set up a pole camera, on public property, outside the defendants' residence.

3. On October 19, 2023, a federal grand jury returned a three-count indictment charging the Defendants with three violations of the Food, Drug, and Cosmetics Act, for introducing misbranded drugs into interstate commerce. (Dkt. #2). That indictment is based upon evidence collected during the three "undercover buys."

4. On October 24, 2023, law enforcement agents with the FDA-OCI, USPIS, and the Tulsa Police Department executed a search warrant (23-MJ-561-CDL) on the defendants' residence. Agents seized at least eighteen different suspected pharmaceutical drugs or controlled substances, in various amounts. Law enforcement also seized thirty-six electronic devices, many of which were encrypted.

5. On January 12, 2024, the Court granted a joint unopposed motion to declare the case complex, and issued Second Amended Scheduling Order. (Dkt. #36).

6. On January 17, 2024, a federal grand jury returned a superseding indictment against the defendants alleging violations of 21 U.S.C. §§ 331(a) and 333(a)(2) – Introduction of a Misbranded Drug into Interstate Commerce; 21 U.S.C. §§ 846, 841(a)(1), 841(b)(3), 856(a)(1), and 856(b) – Drug Conspiracy; 21 U.S.C. §§ 841(a)(1) and 841(b)(3) – Possession of Pregabalin with Intent to Distribute; 21 U.S.C. §§

856(a)(1) and 856(b) – Maintaining a Drug-Involved Premises; and 18 U.S.C. § 545 – Smuggling Goods into the United States.

7. On January 12, 2024, Defendant Means filed a motion to exclude the expert testimony of Special Agent Lee Russell. (Dkt. #34).

8. The Government has thus far filed two expert notices in this case, on November 9, 2023 (Dkt. #23) and January 5, 2024 (Dkt. #30). In both notices, the Government explicitly reserved the right to file supplemental notices.

9. In the Government's second notice, the Government stated that it intends to offer expert testimony from Special Agent Russell, and that he will testify consistent with signed reports that have already been produced to defense.

10. The investigation of this case involves complex technical issues, including the Dark Web, encryption, and cryptocurrency, amongst others. Special Agent Russell is the lead case agent for this investigation, and the Government intends to call him at trial. In order for the jury to understand the intricate and technical investigative efforts taken by law enforcement, Special Agent Russell will necessarily have to provide some explanation of these topics during his testimony based upon his training and experience.

11. As of the filing of the Government's second notice and this response, the federal law enforcement investigation of this case is still ongoing. Counsel for the Government anticipates receipt of numerous additional law enforcement reports, including additional reports from Special Agent Russell. Until the investigation is closer to being substantially complete, and all reports are received, it is not feasible

for the Government to give a complete summary of what expert testimony the Government intends to offer from Special Agent Russell.

12. In accordance with the Second Amended Scheduling Order (Dkt. #36), the Government intends to file another supplemental expert notice no later than April 8, 2024. In that notice, the Government will provide a more detailed summary of the testimony the Government intends to elicit from Special Agent Russell, which it will offer as expert testimony in accordance with Rules of Evidence 702, 703, and 705. The Government's supplemental notice and attachments will satisfy the requirements of Rule 16.

13. Given the newly entered Second Amended Scheduling Order, and the additional pending notice that the Government will file, this issue is not yet ripe.

14. As this issue is not yet ripe, the Government respectfully requests that the Court deny defendant's motion as not ripe, or in the alternative, hold the motion in abeyance until counsel has filed its supplemental notice, pursuant to the current scheduling order.

        Respectfully submitted,

        CLINTON J. JOHNSON
        UNITED STATES ATTORNEY

        */s/ Nathan E. Michel*
        Nathan E. Michel, KS Bar No. 25068
        Assistant United States Attorney
        110 West Seventh Street, Suite 300
        Tulsa, Oklahoma 74119
        (918) 382-2700

## Certificate of Service

I hereby certify that on the 19th day of January 2024, I electronically transmitted the foregoing document to the following to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

J. Ryan Moore
*Defense Counsel for Aaron Michael Thomas*

Sarah A. McManes
*Defense Counsel for Darren Doil Means*

                                             */s/ Nathan E. Michel*
                                             Nathan E. Michel
                                             Assistant United States Attorney